# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

MATTHEW L. BODE,                           )
                                           )
            Petitioner,                    )
                                           )
    vs.                                    )    Case No.  11-0568-CV-W-DGK-P
                                           )
LARRY DENNY,                               )
                                           )
            Respondent.                    )

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD, DENYING PETITION FOR HABEAS CORPUS, AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Matthew Bode, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on June 2, 2011, seeking to challenge his 2005 convictions and sentences for first degree robbery, armed criminal action, and possession of a controlled substance (cocaine base), which were entered in the Circuit Court of Platte County, Missouri.

Petitioner's sole ground for relief is that trial counsel was ineffective in not allowing petitioner to testify on his own behalf at trial. Respondent contends that this ground is without merit, because the state courts' adjudication of it was not unreasonable.

## SUMMARY OF FACTS

On direct appeal, the Missouri Court of Appeals summarized the facts as follows:

> On October 24, 2004, [petitioner] and Keith Humphreys (Humphreys) spent the day drinking and doing drugs at Humphreys' apartment. In order to get the drugs, they would steal liquor from grocery stores and then trade the liquor for crack cocaine. Later, they decided to rob a nearby Hy-Vee store for drug money.
>
> Early in the morning on October 25, they drove Humphreys' truck to the Hy-Vee where they knew only one cashier was working. Humphreys dropped off [petitioner] at the Hy-Vee. [Petitioner] was wearing a bandana he had taken from the rearview mirror of the truck

and was carrying two knives.

Vickie Porter (Porter) was the cashier on duty at the Hy-Vee. She was talking with a deliveryman when she saw a man, who she later identified as [petitioner] from a photo line-up, enter the store with his hood up and a bandana covering his face. The man walked up to Porter and, displaying the knives, told her to give him the money out of the cash register. After getting the money, approximately $395, he ran out of the store.

During this time, outside of the store, two other deliverymen were unloading their trucks. They noticed a pick-up truck parked outside the store. They then saw a man wearing a hooded sweatshirt run out of the store and get into the truck. After police arrived, they described the truck to the officers.

The police then canvassed the area, and came across a truck that matched the drivers' descriptions at an apartment complex. An officer touched the hood of the truck and it felt warm. The deliverymen were then brought to the truck and identified it as the truck they saw outside of Hy-Vee. The police determined that the truck belonged to Humphreys and went to his apartment. His wife answered the door and told them that she had not seen her husband, that he might be at a hotel and that he had her station wagon.

Police canvassed nearby motels and found the station wagon. From the hotel manager, they learned that [petitioner] had rented the room associated with the station wagon. [Petitioner] answered the door when the officers knocked. He was immediately placed under arrest and put in the back of the police car. The officers found Humphreys on a bed and, after waking him, placed him under arrest. The officers then obtained consent from [petitioner] to search the room. In the room, they found a syringe with red liquid in it, $39 in cash, and a bottle of amphetamines that also contained cocaine base.

Although he initially denied any involvement in the robbery, Humphreys later gave a statement to the police in which he explained that he and [petitioner] had robbed the Hy-Vee in order to obtain money for drugs. Then, after they had switched cars, they drove to Kansas City, Kansas, to buy crack cocaine, made their purchase, and returned to the motel room where they proceeded to use the cocaine.

(Petitioner's Exhibit C, pp. 2-4).

Before the state court findings may be set aside, a federal court must conclude that the state

court's findings of fact lack even fair support in the record. <u>Marshall v. Lonberger</u>, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. <u>Graham v. Solem</u>, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## MOTION TO EXPAND THE RECORD

Petitioner has moved to expand the record to include the following two documents: (1) a letter written by petitioner to trial counsel on July 17, 2005, and (2) a copy of the Missouri State Public Defender "Guidelines for Representation." (<u>See</u> Petitioner's "Motion to Expand the Record," Doc. No. 2). Respondent does not oppose petitioner's motion. (Doc. No. 7). As the motion is unopposed, it will be granted.

However, it should be noted that neither of these documents are persuasive that the Missouri Court of Appeals' adjudication of petitioner's ineffective assistance claim was unreasonable. Neither of the documents were presented to the state courts along with petitioner's Mo. Sup. Ct. Rule 29.15 motion. Nor were they presented on appeal from the denial of that motion. Therefore, as noted by respondent, the documents are irrelevant to this Court's examination of the reasonableness of the relevant state court decisions.

## PETITIONER'S SOLE GROUND FOR RELIEF

---

[1]"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In his sole ground for relief, petitioner contends that trial counsel was ineffective in not allowing petitioner to testify in his own behalf at trial. Respondent contends that the state court's denial of this ground for relief was not unreasonable.

Federal habeas review of petitioner's ineffective assistance of counsel claim is "doubly deferential." Knowles v. Mirzayance, 556 U.S. 111, 129 S. Ct. 1411, 1420 (2009). First, petitioner must overcome the high bar of Strickland v. Washington, 466 U.S. 668 (1984), by showing that (1) counsel's performance fell below an objective standard of reasonableness; and (2) petitioner was sufficiently prejudiced such that "the result of the proceeding would have been different." Id. at 688, 694. Second, under 28 U.S.C. § 2254, petitioner must show that the state court's adjudication of his ineffective assistance claim was "unreasonable." Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 788 (2011). Both the Strickland standard and the standard set forth in § 2254 are highly deferential. Ultimately, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 131 S. Ct. at 788.

On appeal from the denial of petitioner's Mo. Sup. Ct. Rule 29.15 motion, the Missouri Court of Appeals disposed of petitioner's ground as follows:

> In his first point, [petitioner] claims that the motion court clearly erred in concluding that counsel was not ineffective for refusing to allow [petitioner] to testify in his own defense. [Petitioner] argues that the record demonstrates that he did not knowingly waive his right to testify and that counsel refused to allow him to testify. He further contends that prejudice must be presumed as resulting from counsel's failure to allow him to testify.
>
> In making this argument, [petitioner] views the evidence presented at the evidentiary hearing and inferences drawn therefrom in the light most favorable to himself. While [petitioner] testified that counsel failed to fully explain his right to testify and that counsel rested his case despite [petitioner]'s requests that he be allowed to testify, the trial court was not required to accept any of that testimony as credible.

-4-

*Slater v. State*, 147 S.W.3d 97, 101 (Mo. App. W.D. 2004). Contrary to [petitioner]'s testimony, Counsel testified that, while he could not recall his specific discussion with [petitioner], he normally explains to all his clients the pros and cons of testifying and that he was sure he had discussed the possibility of testifying with [petitioner]. Counsel further stated that he likely discussed the fact that [petitioner]'s prior convictions would almost certainly be placed into evidence if he testified and that he probably advised [petitioner] against testifying for that reason. Counsel said that the ultimate decision whether to testify or not had rested with [petitioner]. n.2 Viewing the record in accordance with our standard of review, the motion court did not clearly err in finding that [petitioner] had failed to prove his claims.

> n.2 "The absolute authority to make certain fundamental decisions in criminal cases, including whether to testify, is a personal right of the defendant that cannot be made by counsel." *Slater v. State*, 147 S.W.3d 97, 101 (Mo. App. W.D. 2004). "A criminal defendant has a constitutional right to testify on his own behalf and because that right to testify is a fundamental constitutional guarantee, only the defendant himself is empowered to waive that right." *Hurst v. State*, 301 S.W.3d 112, 118 (Mo. App. E.D. 2010). "Although the decision to testify rests solely with the defendant, a defendant is entitled to receive reasonably competent advice." *Id.* However, "[t]rial counsel's advice to his client about whether or not to testify is a matter of trial strategy which, barring exceptional circumstances, is not a ground for post-conviction relief." *Slater*, 147 S.W.3d at 101.

Moreover, [petitioner] wholly failed to prove that he sustained any prejudice as a result of counsel not calling him to testify in his own defense. Contrary to [petitioner]'s contention on appeal, to be entitled to any relief, he was required to prove that he suffered prejudice as a result of counsel's failure to present [petitioner]'s testimony at trial. *See Williams v. State*, 205 S.W.3d 300, 314-15 (Mo. App. W.D. 2006); *Lawrence v. State*, 160 S.W.3d 825, 831 (Mo. App. S.D. 2005). At the evidentiary hearing, [petitioner] did not describe, in any fashion, what his testimony would have been had he testified at trial. Accordingly, the motion court had no means of assessing whether [petitioner]'s testimony would have aided or been detrimental to [petitioner]'s case. The motion court properly found that the record did not establish that, but for counsel's failure to call [petitioner] to testify, the result of the proceeding would have been different. *James*, 222 S.W.3d at 304.

-5-

Point denied.

(Respondent's Exhibit G, pp. 3-5).

Petitioner contends that the Missouri Court of Appeals made an unreasonable determination of a factual issue in his case under 28 U.S.C. § 2254(d)(2). Specifically, petitioner claims that he provided an affidavit on appeal from the denial of his Mo. Sup. Ct. Rule 29.15 motion. (Doc. No. 14, pp. 9-10). This affidavit contained what petitioner contends his testimony would have been had he been allowed to testify at trial. By disregarding this affidavit, petitioner contends, the Missouri Court of Appeals unreasonably determined that petitioner had not displayed Strickland prejudice, because the Court of Appeals reasoned that he had not explained what his testimony would have been at trial.

However, petitioner disregards an earlier portion of the Court of Appeals' analysis, in which it found that the motion court was not required to find petitioner's testimony credible. (See opinion cited supra). The motion court was free instead to credit the testimony of petitioner's attorney, who testified that he had a regular practice of informing clients of their right to testify. Counsel also testified that he would have left the decision up to petitioner, and that he would have advised petitioner not to testify due to his prior convictions. Therefore, petitioner has not satisfied the first prong of Strickland by showing deficient attorney performance. Even assuming *arguendo* that the state court erroneously disregarded petitioner's affidavit on appeal, which dealt with Strickland prejudice, the state court's decision was not unreasonable.

The resolution of petitioner's sole ground for relief by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

-6-

proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme

Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[2] Applying the Richter standard of review to

the facts as set forth in the record, a reasonable argument can be made that counsel's actions did not

fall outside of the wide spectrum of allowable representation under Strickland. Richter, 131 S. Ct.

at 788.

Petitioner's sole ground for relief is denied, and the case will be dismissed, with prejudice.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a

petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this

standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the

constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because

petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254,

Rule 11(a).

## ORDER

Accordingly, it is **ORDERED** that:

(1) petitioner's motion to expand the record, (Doc. No. 2), is granted;

(2) the above-captioned petition for writ of habeas corpus is denied;

(3) this case is dismissed with prejudice; and

---

[2]According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

-7-

(4) the issuance of a certificate of appealability is denied.

                                                         /s/ Greg Kays
                                                         GREG KAYS
                                                         UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: February 29, 2012.